William S. Kronenberg - 133730
wkronenberg@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Tel:    (415) 788-1900
Fax:   (415) 393-8087

Attorneys for Defendant
GRENADE BEVERAGE, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>          Plaintiff,<br><br>v.<br><br>GRENADE BEVERAGE LLC, a California limited liability company,<br><br>          Defendant. | Case No.:  1:13-cv-00770-AWI-SAB<br><br>**DEFENDANT GRENADE BEVERAGE, LLC'S MOTION TO DISMISS OR TO TRANSFER VENUE**<br><br>Date:        August 21, 2013<br>Time:        9:30 a.m.<br>Judge:       Hon. Stanley A. Boone<br>Courtroom: 9<br>File Date:   May 22, 2013<br>Trial Date:  None |

## I.      NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS GIVEN that on the above captioned date and time, or as soon thereafter as the matter may be heard in the above captioned courtroom of this court located at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, 6th Floor, Courtroom 9, Fresno, California 93721, defendant Grenade Beverage, LLC (hereafter "Grenade") will move the court to dismiss this action under rule 12(b)(3) due to improper venue.  Alternatively, Grenade moves to transfer venue to the United States District Court, Central District of California, Southern Division under rule 12(b)(3) or, alternatively, based on forum non conveniens.

Grenade's motion is based on the grounds that the Eastern District of California is an improper venue for this action as Grenade resides in Orange County, a substantial part of the events giving rise

1   to the claim has not occurred in the Eastern District, and it is presently not subject to personal
2   jurisdiction in the Eastern District.  Alternatively, Grenade moves to transfer this action to the Central
3   District based on forum non conveniens.

4       Grenade's motion is based on this notice, the memorandum of points and authorities, request
5   for judicial notice, declaration of Steven W. Yuen and all supporting papers, the files and records in
6   this action, and any further admissible evidence and argument that the court may timely receive at or
7   before the hearing.

8   ## II.    MEMORANDUM OF POINTS AND AUTHORITIES

9   **A.    STATEMENT OF FACTS**

10       Plaintiff E. & J. Gallo Winery (hereafter "Gallo") has its principal place of business in
11   Modesto, California.  (Exhibit A at 3:7-8 (¶ 4).)  Grenade has its principal place of business in Orange,
12   California.  (Id., at 3:9-10 (¶ 5).)  Gallo claims Grenade's Spanish "El Gallo" mark infringes its
13   "Gallo" trademark.  (Id., at  5:17-7:25 (¶¶ 18-30).)

14   **B.    LEGAL ARGUMENT**

15       **1.    The Court Should Dismiss or Transfer this Action Due to Improper Venue**

16           **a.    Motion to Dismiss Standard**

17       A defendant's challenge to "improper venue" can be made by way of a motion to dismiss.
18   (Fed. R. Civ. P. 12(b)(3).)  Plaintiff bears the burden of showing that venue is proper in the chosen
19   district.  (Piedmont Label Co. v. Sun Garden Packing Co. (9th Cir. 1979) 598 F.2d 491, 496—in ruling
20   on summary judgment motion; see also Koresko v. Realnetworks, Inc. (E.D. Cal. 2003) 291 F.Supp.2d
21   1157, 1160.)  "When there are multiple ... claims in an action, the plaintiff must establish that venue is
22   proper as to ... each claim."  (Multimin USA, Inc. v. Walco International, Inc. (E.D. Cal. 2006) 2006 WL
23   1046964, *2.)

24       "Unlike a motion for dismissal under Rule 12(b)(6), the court may consider supplemental
25   written materials and consider facts outside of the pleadings in deciding a Rule 12(b)(3) motion
26   without transforming the motion it into a motion for summary judgment."  (Multimin USA, Inc., 2006
27   WL 1046964 at *2 citing Agueta v. Banco Mexicano, S.A. (9th Cir.1996) 87 F.3d 320, 324.)
28   Furthermore, under a Rule 12(b)(3) motion to dismiss for improper venue, "the court need not accept

the plaintiff's pleadings as true, but the court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." (Multimin USA, Inc., 2006 WL 1046964 at *2, citation omitted.)

If venue is improper, the district court has discretion either to dismiss the action, or in the interest of justice, transfer the action to a district in which it could have been brought. (28 U.S.C. § 1406(a); see also District No. 1, Pac. Coast Dist., M.E.B.A. v. Alaska (9th Cir. 1982) 682 F.2d 797, 799, fn. 3.)

**b.      Venue is Improper in the Eastern District**

**(1)      General Venue Provision**

No specific or special statute governs venue for trademark infringement claims. (Fourco Glass Co. v. Transmirra Products Corp. (1957) 353 U.S. 222, 228-229; and Allstar Marketing Group, LLC v. Your Store Online, LLC (C.D. Cal. 2009) 666 F.Supp.2d 1109, 1128.) Thus, the general venue statute controls. (Allstar Marketing Group, LLC, 666 F.Supp.2d at 1128.) The general venue statute provides in relevant part that a civil action may be brought in:

(1)      a judicial district in which **any defendant resides**, if all defendants are residents of the State in which the district is located;

(2)      a judicial district in which **a substantial part** of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)      **if there is no district in which an action may otherwise be brought** as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. (28 U.S.C. § 1391(b), emphasis added.)

In analyzing section 1391(b), the Supreme Court found "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts." (Leroy v. Great Western United Corp. (1979) 443 U.S. 173, 185, citation omitted.) "Rather, it restricted venue either to the residence of the defendants or to 'a place which may be more convenient to the litigants'— i. e., both of them—'or to the witnesses who are to testify in the case.'" (Id., citations omitted.) Thus, under a broad interpretation of section 1391(b), "a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other

relevant evidence, and the convenience of the defendant (but not of the plaintiff)—may be assigned as the locus of the claim."[1]   (Id., at 185, citation omitted.)

### (a)   Venue is Improper Under Section 1391(b)(1)

A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.  (28 U.S.C. § 1391(b)(1).)

Gallo judicially admits Grenade does not reside in the Eastern District, but in Orange County based upon information and belief which falls under the Central District.  (Exhibit A at 3:9-10 (¶ 5).)  Thus, venue is improper in the Eastern District as Grenade does not reside there.

### (b)   Venue is Improper Under Both Prongs of Section 1391(b)(2)

A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.  (28 U.S.C. § 1391(b)(2).)

### (i)   Venue is Improper Under the First Prong of Section 1391(b)(2)

"[I]n cases of trade-mark infringement and unfair competition, the wrong takes place ... where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's."  (Sykes Lab., Inc. v. Kalvin (C.D. Cal. 1985) 610 F.Supp. 849, 860, fn. 8, citations omitted; see also Griggs Group Ltd. v. Consolidated Shoe, Inc. (N.D. Cal. 1999) 1999 WL 226211, *4 citing Vanity Fair Mills v. T. Eaton Co. (2d Cir. 1956) 234 F.2d 633, 639—"in cases of trade-mark infringement and unfair competition, the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs, i.e., **where the deceived customer buys the defendant's product in the belief**

---

[1]   "[I]n a tort action, the locus of the injury [is] a relevant factor" in determining venue.  (Myers v. Bennett Law Offices (9th Cir. 2001) 238 F.3d 1068, 1076.)  "In general, the common law has been understood as protecting against the broad business tort of 'unfair competition.'  Trademark infringement is a species of this generic concept."  (International Order of Job's Daughters v. Lindeburg & Co. (9th Cir. 1980) 633 F.2d 912, 915, citation omitted.)  Thus, "[t]rademark remedies are guided by tort law principles."  (Lindy Pen Co., Inc. v. Bic Pen Corp. (9th Cir. 1993) 982 F.2d 1400, 1407.)

1   **that he is buying the plaintiff's**".[2])   Concerning sales, "[t]he appropriate test of venue is whether

2   significant sales causing substantial injury were made in the district in which venue is asserted, or

3   some other overt act constituting a significant and substantial element of the offense occurred there."

4   (32 Federal Procedure § 74:484 (Lawyers ed. updated 2011) citing Sidco Industries Inc. v. Wimar

5   Tahoe Corp. (D.Or. 1991) 768 F. Supp. 1343.)

6         Moreover, the maintenance of a passive website alone does not constitute purposeful availment,

7   (Cybersell, Inc. v. Cybersell, Inc. (9th Cir. 1997) 130 F.3d 414, 418-420.)   A website that does not

8   allow customers to place online orders, or engage in transactions with a defendant does not support a

9   finding of proper venue.   (Shari's Berries Int'l, Inc. v. Mansonhing (E.D. Cal. 2006) 2006 WL

10   2382263, *2.)   Indeed, a website containing a toll-free number, or an e-mail address for potential

11   customers to reach defendant or to engage in e-mail exchanges is likewise insufficient to justify a

12   finding of proper venue.   (Id., citations omitted.)

13         As stated in the declaration of Paul Sandford, Grenade made one small sale in the winter of

14   2011 to a Mexican Meat distributor customer which is unlikely to be deceived due to the doctrine of

15   foreign equivalents.   (Exhibit B at 2:9-12 (¶ 5).)   Since this small sale, Grenade has not made any other

16   sales to the Eastern District.   (Id., at 2:12-23 (¶¶ 5-6).)   Next, Grenade's passive website does not allow

17   its customers to place any orders online to purchase its products.   (Id., at 2:24-26 (¶ 7).)   Thus, venue is

18   improper as no **substantial** part of the events, omissions, or sales giving rise to Gallo's claim occurred

19   in the Eastern District.

20   ///

21   ///

22   ///

23

24   [2] "Under the doctrine of foreign equivalents, foreign words from common languages are translated into English to determine genericness, descriptiveness, as well as similarity of connotation in order to

25   ascertain confusing similarity with English word marks." (Palm Bay Imports, Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772 (Fed. Cir. 2005) 396 F.3d 1369, 1377.) "The doctrine should be

26   applied only when it is likely that the ordinary American purchaser would 'stop and translate [the word] into its English equivalent." (Id., citation omitted.) The ordinary American purchaser includes

27   only purchasers "familiar with the foreign language", e.g., Spanish readers/speakers here. (In re Thomas (T.T.A.B. 2006) 9 U.S.P.Q.2d 1021, 1024.) The Spanish word of "El Gallo" translates to

28   rooster in English. (SpanishDict < http://www.spanishdict.com/translate/gallo> [as of July 22, 2013].)

(ii)     **Venue is Improper Under the Second Prong of Section 1391(b)(2)**

A trademark is an "**intangible** intellectual property right[.]"   (<u>Meeker v. Meeker</u> (N.D. Cal. 2004) 2004 WL 2554452, *6, emphasis added.)   Hence, "[i]ntangible property has no physical location; the location or situs of intangible property is a 'legal fiction.'"   (<u>In re Blixseth</u> (9th Cir. BAP 2012) 484 B.R. 360, 366 citing <u>Delaware v. New York</u> (1993) 507 U.S. 490, 498—"intangible property is not physical matter which can be located on a map[.]")   Thus, venue in a trademark infringement claim cannot be based upon the second prong of section 1392(b)(2)'s provision concerning the location where "a substantial part of property that is the subject of the action is situated[.]"

Here, Gallo's claim that venue is proper in the Eastern District, because "a substantial part of the property that is the subject of this action is **situated** in this judicial district" fails.  (Exhibit A at 3:2-3 (¶ 4).)  As previously stated, an intellectual property right is intangible property, and cannot be situated in the Eastern District as a matter of law.

(c)     **Venue is Improper Under Section 1391(b)(3)**

If there is no district in which an action may otherwise be brought as provided in section 1391, a civil action may be brought in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  (28 U.S.C. § 1391(b)(3).)

As previously stated, Gallo judicially admits Grenade resides in Orange County which falls under the Central District of California.  (Exhibit A at 3:9-10 (¶ 5).)  Since Gallo could have brought this action in the Central District where Grenade resides, section 1391(b)(3) is improper to vest venue in the Eastern District.

(1)     **Venue is Improper Under Section 1391(c) and (d)**

In determining venue when a defendant is an entity, venue is proper "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]"  (28 U.S.C. § 1391(c).)  "Unlike the previous statute, the 1988 version of § 1391(c) does not create an independent ground for corporate venue, but merely defines the 'residence' of a corporation for purposes of applying the venue tests of subsections (a) for diversity cases or (b) for

1  federal question cases."  (4 McCarthy on Trademarks § 32:67 (2013).)  Thus, "[s]ection 1391(c)

2  essentially provides that a corporation is deemed to be a resident of any district in which it can be sued

3  under the rules of personal jurisdiction, thus making congruent the federal venue concept of residence

4  and the rules of personal jurisdiction."  (Id.)

5      Additionally, "[f]or purposes of venue … in a State which has more than one judicial district

6  and in which a defendant that is a corporation is subject **to personal jurisdiction at the time an**

7  **action is commenced**, such corporation shall be deemed to reside in any district in that State within

8  which its contacts would be sufficient to subject it to personal jurisdiction if that district were a

9  separate State, and, if there is no such district, the corporation shall be deemed to reside in the district

10  within which it has the most significant contacts."  (28 U.S.C. § 1391(d), emphasis added.)

11      "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff

12  bears the burden of demonstrating that jurisdiction is appropriate."  (Schwarzenegger v. Fred Martin

13  Motor Co. (9th Cir. 2004) 374 F.3d 797, 800, citation omitted.)  A plaintiff's "bare assertion of belief"

14  that defendant resides in the district is insufficient to satisfy plaintiff's burden of establishing

15  jurisdiction.  (Nutrishare, Inc. v. BioRX, L.L.C. (E.D. Cal. 2008) 2008 WL 3842946, *13, citation

16  omitted.)

17      As stated in the declaration of Grenade's managing member Paul Sandford, when Gallo

18  commenced its action on May 22, 2013, Grenade was not subject to personal jurisdiction in the Eastern

19  District.  (Exhibit A.)  Specifically, Grenade made no sales to the Eastern District other than a small

20  sale to a Mexican Meat distributor located in Fresno in the winter of 2011.  (Exhibit B at 2:9-14 (¶ 5).)

21  Moreover, once Southern Wine & Spirits of Southern California became Grenade's exclusive

22  distributor in August 2012, Grenade's products have been sold and distributed only in Los Angeles,

23  Orange, and San Diego Counties.  (Exhibit B at 2:15-23 (¶ 6).)  Since Grenade was not subject to

24  personal jurisdiction in the Eastern District when Gallo commenced its action on May 22, 2013, venue

25  is improper under section 1391(c) and (d).

26  ///

27  ///

28  ///

**2.      The Court Should Transfer this Action to the Central District Based on Forum Non Conveniens**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  (28 U.S.C. § 1404(a).)  Under section 1404(a), the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  (Jones v. GNC Franchising, Inc. (9th Cir. 2000) 211 F.3d 495, 498.)  In weighing multiple factors to determine whether transfer is appropriate in a particular case, the court may consider:  (1) the plaintiff's choice of forum, (2) the respective parties' contacts with the forum, (3) the contacts relating to the plaintiff's cause of action in the chosen forum, (4) the differences in the costs of litigation in the two forums, (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (6) the ease of access to sources of proof.  (Id., at 498-499.)

Applying the first Jones factors here, Gallo chose this forum, apparently because its principal place of business is located at 600 Yosemite Boulevard in Modesto, California 95354.  (Exhibit A at 3:7-8 (¶ 4).)  For the second and third factors, only Gallo has contacts in the forum, Grenade does not.  (Id.; and Exhibit B at 1:26-2:26 (¶¶ 1-7).)  For the fourth factor, the costs to litigate in the Eastern District is more expensive for Grenade as its owners/employees will have to travel 253 miles to attend settlement conferences, and trial in the matter with very limited airlines and flight schedules serving the Fresno airport.  (Exhibit B at 1:23-2:8 (¶¶ 3-4).  For the fifth factor, no compulsory process can compel the attendance of unwilling non-party witnesses such as Grenade's distributor who does business in Orange and Los Angeles Counties as it is more than 100 miles to the Fresno courthouse.  (Id., at 2:15-23 (¶ 6).)  For the final sixth factor, the ease of access to Grenade's and nonparty witnesses, and sources of proof are all located within counties within the Central District of California; not the Eastern District.  (Id., at 1:23-2:17 (¶¶ 2-6).)  In sum, the Jones factors weigh in favor of transferring this action to the Central District of California.

///

///

1    **C.      CONCLUSION**

2          Based on all the information stated herein, and in its supporting papers, Grenade respectfully

3    requests the court to grant its motion to dismiss due to improper venue.  If the court is disinclined to

4    grant Grenade's motion to dismiss, it respectfully requests the court to transfer venue to the United

5    States District Court, Central District of California, Southern Division under rule 12(b)(3) or,

6    alternatively, based on forum non conveniens.

7    DATED: July 22, 2013

                                  MURPHY, PEARSON, BRADLEY & FEENEY
8

9                                          /s/ Steven W. Yuen
                                  By _____
10                                    Steven W. Yuen
                                      Attorneys for Defendant
11                                    GRENADE BEVERAGE, LLC

12   SWY.20614141.doc

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I, Steven W. Yuen, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On July 22, 2013, I served the following document(s) on the parties in the within action:

**DEFENDANT GRENADE BEVERAGE, LLC'S MOTION TO DISMISS OR TO TRANSFER VENUE**

| | |
|---|---|
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |
| **XX** | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

D. Greg Durbin
MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
P.O. Box 28912
Fresno, CA  93720
Greg.Durbin@mccormickbarstow.com

Attorney For Plaintiff
E. & J. GALLO WINERY

Steven M. Weinberg
HOLMES WEINBERG, PC
30765 Pacific West Coast Highway, Suite 411
Malibu, CA  90265
smweinberg@holmesweinberg.com

Attorney For Plaintiff
E. & J. GALLO WINERY

///

///

///

1       I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is a true and correct statement, and this Certificate was executed on July 22, 2013.

3                                           /s/ Steven W. Yuen
                                   By _____
4                                        Steven W. Yuen

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28