1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E & J GALLO WINERY, | Case No.  1:13-cv-00770-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE DENIED |
| v. | |
| GRENADE BEVERAGE LLC, | ECF NO. 11 |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On July 22, 2013, Defendant Grenade Beverage LLC ("Defendant") filed a motion to dismiss Plaintiff E & J Gallo Winery's ("Plaintiff") complaint or, in the alternative, to transfer venue to the Central District of California.  (ECF No. 11.)  The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b).

The hearing on this matter took place on November 13, 2013.  For the reasons set forth below, the Court recommends that Defendants' motion to dismiss or transfer be denied.

## I.

## BACKGROUND

Plaintiff filed this action on May 22, 2013.  (ECF No. 1.)  Plaintiff asserts trademark infringement and related claims against Defendant arising from Defendant's marketing of an energy drink called "El Gallo."  Plaintiff claims Defendant's "El Gallo" drink violates Plaintiff's "Gallo" trademark for wines.

1    Defendant filed their motion to dismiss or transfer on July 22, 2013.  (ECF No. 11.)

2    Defendant argues that a transfer of venue is appropriate pursuant to Federal Rule of Civil

3    Procedure 12(b)(3) and 28 U.S.C. § 1391 because Defendant primarily does business in Orange

4    County, California (outside the Eastern District of California) and no substantial part of the

5    events giving rise to Plaintiff's claims occurred within the Eastern District of California.

6                                                        **II.**

7                                              **LEGAL STANDARDS**

8    Federal Rule of Civil Procedure 12(b)(3) permits a defendant to file a motion for

9    dismissal or transfer based upon improper venue before a responsive pleading is filed.  On a

10   motion for dismissal or transfer based on improper venue, the allegations of the complaint need

11   not be accepted as true and the Court may consider facts outside the pleadings.  Argueta v.

12   Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).  Plaintiff has the burden of showing

13   that venue is proper.  Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th

14   Cir. 1979); Golden Scorpio Corp. v. Steel Horse Bar & Grill, 596 F. Supp. 2d 1282, 1286 (D.

15   Ariz. 2009).

16   Venue over trademark claims is governed by the general venue statute, 28 U.S.C. § 1391.

17   Allstar Marketing Group, LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1128 (C.D.

18   Cal. 2009); Golden Scorpio Corp., 596 F. Supp. 2d at 1286 n.3.  Under the general venue statute,

19   venue is proper in:

20                (1)    a judicial district in which any defendant resides, if all
             defendants are residents of the State in which the district is located;
21                (2)    a judicial district in which a substantial part of the events or
             omissions giving rise to the claim occurred, or a substantial part of
22           property that is the subject of the action is situated; or
                 (3)    if there is no district in which an action may otherwise be
23           brought as provided in this section, any judicial district in which
             any defendant is subject to the court's personal jurisdiction with
24           respect to such action.

25   28 U.S.C. § 1391(b).

26   "The district court of a district in which is filed a case laying venue in the wrong division

27   or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or

28   division in which it could have been brought."  28 U.S.C. § 1406(a).

# III.

## DISCUSSION

### A.    Section 1391(b)(1):  The Judicial District in which Defendant Resides

Defendant argues that venue is improper under Section 1391(b)(1) because Defendant "resides" in Orange County, California, which is within the Central District of California. Section 1391(c)(2) defines "residency" for corporate entities as "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question...."  "Determining whether a court may exercise personal jurisdiction over a defendant ordinarily requires a two-step inquiry: (1) whether the forum state's long-arm statute reaches the defendant; and (2) whether the exercise of jurisdiction comports with the federal constitutional principle of due process." Injen Technology Co. v. Advanced Engine Management, Inc., 270 F. Supp. 2d 1189, 1194 (S.D. Cal. 2003); see also Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1484-85 (9th Cir. 1993).  Since California's long arm statute confers jurisdiction to the extent that it comports with due process, the two-step inquiry "folds into one." Id.

"[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted).

"Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction." Panavision Intern., L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).  For the reasons set forth below, the Court finds that Defendant engaged in sufficient acts directed toward Plaintiff within this district, establishing personal jurisdiction within the Eastern District of California under specific jurisdiction principals.[1]

/ / /

---

[1] Since the Court finds that Defendant is subject to personal jurisdiction within this district under specific jurisdiction principles, the Court need not address whether general jurisdiction principles apply.

1   The Court applies a three-part test to determine whether specific jurisdiction lies:

2       (1) The nonresident defendant must do some act or consummate
        some transaction with the forum or perform some act by which he
3       purposefully avails himself of the privilege of conducting activities
        in the forum, thereby invoking the benefits and protections of its
4       laws; (2) the claim must be one which arises out of or results from
        the defendant's forum-related activities; and (3) exercise of
5       jurisdiction must be reasonable.

6   Panavision Intern, L.P., 141 F.3d at 1320 (quoting Omeluk v. Langsten Slip & Batbyggeri A/S,

7   52 F.3d 267, 270 (9th Cir. 1995)).

8       Plaintiff argues that Defendant engaged in the following actions within the Eastern

9   District of California related to the infringement of Plaintiff's trademark rights:

10  • Contracted with a packing company located within the Eastern District to manufacture

11     and package Defendant's product;

12  • Contracted with a trucking company located within the Eastern District to transport

13     Defendant's product;

14  • Conducted sales to "around ten" retailers within the Eastern District

15  • Held several promotions at restaurants and other events within the Eastern District;

16  • Called Plaintiff, at offices located within the Eastern District, to discuss "co-promoting"

17     Defendant's El Gallo product with Plaintiff's new tequila brand; and

18  • Maintaining a Facebook page with pictures depicting Defendant's promotional activities

19     at restaurants and events within the Eastern District.

20      Defendant argues that its sales within the Eastern District are not as substantial as

21  Plaintiff contends. Defendant contends that it only made a single sale to a meat market in the

22  Eastern District and the remaining sales were made by one Derrick Hernandez who was acting

23  on his own behalf and was not a Grenade employee. However, Plaintiff presented evidence

24  consisting of several invoices evidencing sales by Defendant to several establishments within

25  this district. In addition to the single sale to the meat market that Defendant concedes (Ortega's

26  Meat Distribution in Fresno), the invoices reflect sales to seven other establishments within this

27  district. Defendant argues that Mr. Hernandez made these sales, not Defendant, and therefore do

28  not show that Defendant conducted activities within this district. However, the invoices identify

4

1  Defendant as the seller, not Mr. Hernandez.  Moreover, when asked at the hearing who got paid

2  for these transactions, Defendant's counsel stated "Hopefully my client," indicating Defendant

3  was the seller and Mr. Hernandez was a broker or some other agent acting on behalf of

4  Defendant despite not being classified as an employee.

5      Plaintiff contends that Defendant engaged in promotional activities within this district.

6  For example, Plaintiff introduced a photo of a man holding an El Gallo beverage in front of what

7  appears to be a tent displaying Defendant's website and with the tent walls covered from top to

8  bottom with El Gallo's logo.  The photo was posted on Defendant's Facebook page and the

9  caption states that the photo was taken at a Cinco De Mayo festival in Fresno, California.  The

10 photo appears to depict a promotional effort by Defendant within the Eastern District and does

11 not accept Defendant's characterization of what a "promotional activity" entails.[2]  Other photos

12 posted on Defendant's Facebook page identify businesses within this district as establishments

13 that serve El Gallo.  Defendant even went as far as to contact Plaintiff to discuss co-promotion of

14 their products.

15     Moreover, Plaintiff's claim arises out of Defendant's activities within this district.

16 Plaintiff is suing Defendant for infringing on Plaintiff's "Gallo" trademarks and the products that

17 Defendant is manufacturing, packaging, transporting, promoting and selling within this district is

18 the very same product that Plaintiff claims is infringing on the "Gallo" trademark.  See Sutter

19 Home Winery, Inc. v. Madrona Vineyards, L.P., No. C 05-0587 MHP, 2005 WL 701599, at *2

20 n.1 (N.D. Cal. Mar. 23, 2005) (venue proper in district where trademark infringing product is

21 sold and allegedly confuses potential purchasers of plaintiff's mark).  "[A] 'substantial part' of

22 the events giving rise to [trademark] claims occur in any district where consumers are likely to

23 be confused by the accused goods, 'whether that occurs solely in one district or in many.'"

24 Allstar Marketing Group, LLC, 666 F. Supp. 2d at 1128 (citing Vanity Fair Mills, Inc. v. T.

25 Eaton Co., 234 F.2d 633, 639 (2d Cir. 1956)); see also Network Automation, Inc. v. Advanced

---

26

27 [2] According to Paul Sandford's deposition, Defendant defines a "promotional activity" as one involving "[b]ringing
   a couple of girls that sample product to customers within [a] bar and hang[ing] around for a couple hours" while
28 anything less than that is not a "promotional activity" because it is "[j]ust informing people that something [i.e., El
   Gallo] might be available."

1  Systems Concepts, Inc., 638 F.3d 1137, 1154 (9th Cir. 2011) ("the linchpin of trademark

2  infringement is consumer confusion..."). Since this district is one where customers are likely to

3  be confused by the accused goods due to the sales and promotional activities related to El Gallo

4  that took place within this district, a "substantial part" of the events giving rise to Plaintiff's

5  claims took place within this district.

6       If the "purposeful availment" and "forum-related activities" tests are met, the burden

7  shifts to the defendant to present a compelling case that the exercise of jurisdiction would be

8  unreasonable.  Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995).  Defendant has not

9  presented a compelling case that jurisdiction within this district is unreasonable.[3]  Defendant is

10 not being hailed into this Court solely as a result of random, fortuitous or attenuated contacts

11 with this district.  See Burger King Corp. v. Radzewicz, 471 U.S. 462, 475 (1985) ("purposeful

12 availment" requirement ensures that defendant is not haled into jurisdiction as a result of

13 "random," "fortuitous," or "attenuated" contacts).  Defendant deliberately engaged in significant

14 activities within this district.  Accordingly, the Court finds that the Eastern District of California

15 is a proper venue for this action under Section 1391(b)(1).

16      **B.**     **Section 1391(b)(2):  The District Where a Substantial Part of the Events**
                **Giving Rise to the Claim Occurred**
17

18      Defendant argues that venue is not proper under Section 1391(b)(2) because the

19 substantial part of the events giving rise to the claim did not occur within this district.   In

20 trademark cases, the wrong takes place in the place where the confusion is likely to occur.

21 Golden Scorpio Corp., 596 F. Supp. 2d at 1286; Sidco Industries Inc. v. Wimar Tahoe Corp., 768

22 F. Supp. 1343, 1346 (D. Ore. 1991); Sykes Laboratory, Inc. v. Kalvin, 610 F. Supp. 849, 860 n.8

23 (C.D. Cal. 1985); see also Vanity Fair Mills, Inc., 234 F.2d at 639 ("in cases of trade-mark

24 infringement ... the wrong takes place not where the deceptive labels are affixed to the goods or

25 where the goods are wrapped in the misleading packages, but where the passing off occurs, i.e.,

26 where the deceived customer buys the defendant's product in the belief that he is buying the

27 ─────────────────
[3] Defendant's arguments regarding the convenience of this forum are discussed in more detail below.  See
28 discussion, infra, Part III.B.

1  plaintiff's.").

2        Plaintiff's evidence of sales by Defendant within this district is sufficient to justify venue

3  under Section 1391. The invoices provided by Plaintiff show that Defendant's allegedly

4  infringing product was sold to at least seven different establishments within this district.

5  Although Defendant contends that six of these sales were made by Mr. Hernandez, Defendant

6  has not identified any authority that suggests that Defendant must directly make the sale within

7  this district in order for venue to be proper. Caselaw holds that a substantial part of the events

8  occurs in the district where customers are likely to be confused, and Plaintiff has introduced

9  sufficient evidence demonstrating that the Eastern District is one such district, irrespective of

10  how Defendant's infringing product arrived within this district. Accordingly, venue is proper

11  under Section 1391(b)(2).[4]

12      **C.**     **Transfer under Section 1404[5]**

13        Defendant argues that, notwithstanding the propriety of venue under Section 1391, this

14  action should be transferred pursuant to 28 U.S.C. § 1404. "For the convenience of parties and

15  witnesses, in the interest of justice, a district court may transfer any civil action to any other

16  district or division where it might have been brought...." 28 U.S.C. § 1404(a). In determining

17  whether a transfer is appropriate under Section 1404(a), the Court may consider:

18           (1) the location where the relevant agreements were negotiated and
19           executed, (2) the state that is most familiar with the governing law,
         (3) the plaintiff's choice of forum, (4) the respective parties'
20           contacts with the forum, (5) the contacts relating to the plaintiff's
         cause of action in the chosen forum, (6) the differences in the costs
21           of litigation in the two forums, (7) the availability of compulsory
         process to compel attendance of unwilling non-party witnesses,
22           and (8) the ease of access to sources of proof.

---

23  [4] The parties also argued the applicability of Section 1391(b)(3). Since Section 1391(b)(3) only applies where there

24  is no applicable district for venue under Sections 1391(b)(1) and (2), it has no applicability in this case.

25  [5] The parties refer to transfer pursuant to 28 U.S.C. § 1404(a) as synonymous with the doctrine of forum non
conveniens. However, these two legal concepts are distinct. See Norwood v. Kirkpatrick, 349 U.S. 29, 31-32

26  (1955) (discussing differences between Section 1404(a) and forum non conveniens); Ravelo Monegro v. Rosa, 211
F.3d 509, 512-13 (9th Cir. 2000) ("Section 1404(a) thus serves as a statutory substitute for forum non conveniens....

27  The doctrine of forum non conveniens survives in federal court only when the alternative forum is in a foreign
country."). Section 1404(a) "permit[s] courts to grant transfers upon a lesser showing of inconvenience." Norwood,

28  349 U.S. at 32. Accordingly, forum non conveniens precedent is of limited benefit when the Court is asked to
decide whether transfer is appropriate under Section 1404(a).

1   Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).   "Additionally, the

2   presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis"

3   and "the relevant public policy of the forum state, if any, is at least as significant a factor in the §

4   1404(a) balancing."   Id.

5        The Court notes that many of these factors are not applicable.   There are no "relevant

6   agreements" between the parties, there is no forum selection clause in play and, since the Eastern

7   District of California and Central District of California are both in the same state, there is no

8   difference in the state's familiarity with the governing law or the public policy of the forum state.

9   Therefore, these factors do not weigh in favor of granting a transfer under Section 1404(a).

10        Turning to the remaining factors, Plaintiff's choice of forum favors this Court since

11   Plaintiff originally filed this action in this Court.   Generally, the Court affords Plaintiff's choice

12   of forum great weight.   Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987); DeFazio v. Hollister

13   Employee Share Ownership Trust, 406 F. Supp. 2d 1085, 1088 (E.D. Cal. 2005).

14        Defendant contends that it has no contacts with this forum, but the discussion above

15   regarding Defendant's contacts with this forum belies Defendant's argument.   See discussion,

16   supra, Part III.A, B.   Defendant's engaged in significant manufacturing, sales and promotional

17   activities within this district and those activities are directly related to the subject of this lawsuit.

18        Defendant argues that differences in litigation costs favors the Central District because

19   Defendant's owners/employees would have to travel from Orange County to Fresno County.

20   However, the same would be true for Plaintiff's owners/employees if this case were transferred

21   to the Central District, making this factor a wash.[6]   Moreover, Defendant's arguments regarding

22   the "unreasonable, unfair, and prejudicial" costs associated with traveling between Orange

23   County and Fresno County are somewhat undermined by the fact that Defendant chose to retain

24   counsel located in San Francisco, which is even further from Orange County than Fresno

25   County.   Defendant's choice of counsel at least represents a tacit acknowledgement that

26   advances in telecommunication technology has, to a significant degree, ameliorated the costs

27
28   [6] Defendant argues that Plaintiff should be required to pay Defendant's costs for litigating in the Eastern District if
     the added costs for doing so are de minimis, as Plaintiff contends.   Defendant offers no authority in support of this
     argument and the Court is unaware of any such authority.

1  associated with long distance working relationships.   Furthermore, Plaintiff identified a

2  substantial number of potential witnesses that will likely be located within this district, including

3  but not limited to Defendant's packer and trucking company, as well as the establishments within

4  this district that purchased the allegedly infringing product.

5      Defendant also argues that there is no compulsory process to compel the attendance of

6  unwilling witnesses in Orange County and Los Angeles County.   However, Federal Rule of Civil

7  Procedure 45(b)(2) permits a subpoena to be served at any place "within the state of the issuing

8  court if a state statute or court rule allows service at that place of a subpoena issued by a state

9  court of general jurisdiction sitting in the place specified for the deposition, hearing, trial,

10  production, or inspection."   California Code of Civil Procedure Section 1989 permits service of a

11  subpoena on any resident of California.   Accordingly, Defendant has not demonstrated that

12  unwilling witnesses in Orange County and Los Angeles County are beyond the subpoena range

13  of this Court.[7]   See also Brackett v. Hilton Hotels Corp., 619 F. Supp. 2d 810, 821 (N.D. Cal.

14  2008) ("The California district courts have the power to subpoena witnesses throughout the

15  state..."); Cambridge Filter Corp. v. International Filter Co., Inc., 548 F. Supp. 1308, 1311 (D.

16  Nev.) (same).

17      Defendant finally argues that Defendant's nonparty witnesses and sources of proof are

18  within the Central District, making the "ease of access to sources of proof" factor weigh in favor

19  of transfer.   Again, while some "sources of proof" are within the Central District, there are other

20  "sources of proof" identified by Plaintiff within this district.   Both parties have identified

21  potential non-party witnesses residing in both districts.   Accordingly, this factor is a wash.

22      "The defendant must make a strong showing of inconvenience to warrant upsetting the

23  plaintiff's choice of forum."   Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843

24  (9th Cir. 1986).   The Court finds that Defendant has not made a sufficiently strong showing to

25  warrant a transfer of venue under Section 1404(a).   Accordingly, the Court will recommend that

26  Defendant's motion be denied.

27

28

[7] It is also worth noting that Rule 45 is in the process of being amended to permit service of subpoenas anywhere within the United States.  The amended Rule 45 will take effect December 1, 2013 absent contrary Congressional action.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the Court finds that venue is proper and a transfer of venue is not warranted under Section 1404(a).   Accordingly, it is HEREBY RECOMMENDED that Defendant's motion to dismiss or transfer be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 14, 2013**

_____
UNITED STATES MAGISTRATE JUDGE