# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E & J GALLO WINERY,<br><br>            Plaintiff,<br><br>     v.<br><br>GRENADE BEVERAGE LLC,<br><br>            Defendant**. | Case No.  1:13-cv-00770-AWI-SAB<br><br>ORDER PARTIALLY GRANTING MOTION TO STRIKE<br><br>ECF NO. 35 |

On January 22, 2014, Plaintiff E & J Gallo Winery ("Plaintiff") filed a motion to strike the affirmative defenses plead by Defendant Grenade Beverage LLC ("Defendant").  (ECF No. 35.)

The Court finds it appropriate for Plaintiff's motion to be submitted upon the record and briefs on file without need for oral argument.  See Local Rule 230(g).  For the reasons set forth below, the Court partially grants Plaintiff's motion to strike.

**I.**

**BACKGROUND**

Plaintiff filed this action on May 22, 2013.  (ECF No. 1.)  Plaintiff asserts trademark infringement and other related claims against Defendant arising from Defendant's marketing of an energy drink called "El Gallo."  Plaintiff claims Defendant's "El Gallo" drink violates Plaintiff's "Gallo" trademark for wines.

1

Defendant filed their answer to Plaintiff's complaint on January 3, 2014.  (ECF No. 29.) Defendant raised ten affirmative defenses in their answer.

On January 22, 2014, Plaintiff filed a motion to strike the affirmative defenses asserted by Defendant.  (ECF No. 35.)  Plaintiff contends that Defendant fails to allege sufficient facts supporting each affirmative defense.

## II.

## LEGAL STANDARDS FOR MOTIONS TO STRIKE

Under Federal Rule of Civil Procedure 12(f), "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  With respect to pleading defenses, Federal Rule of Civil Procedure 8(b) states that a party must "state in short and plain terms its defenses to each claim asserted against it."  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979).

"Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character."  Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381, pp. 421-425; see also Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005) ("'Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.'") U.S. v. Iron Mountain Mines, Inc., 812 F. Supp. 1528, 1535 (E.D. Cal. 1992).  "Accordingly, once an affirmative defense has been properly pled, a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense.'"  Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).  Furthermore, motions to strike are often denied absent a showing of prejudice to the moving party.  Hernandez v. Balakian, No. CV-F-06-1383 OWW/DLB, 2007 WL 1649911, at *1 (E.D. Cal. Jun. 1, 2007); see also Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381, pp. 421-425.

/ / /

1    Even if an affirmative defense is stricken, leave to amend should be freely given in the
2 absence of prejudice to the opposing party. Wyshak, 607 F.2d at 826.

### III.

### DISCUSSION

Plaintiff contends that all ten affirmative defenses asserted by Defendant should be stricken because they are "factually insufficient" under the standards set forth in Bell Atlantic v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Courts have held that the "plausibility" pleading standard established in Twombly and in Iqbal applies to a Defendant's assertion of affirmative defenses. See Dodson v. Strategic Restaurants Acquisition Co. II, LLC, 289 F.R.D. 595, 598-603 (E.D. Cal. 20130) (and cases cited therein). However, for the reasons set forth below, the Court need not decide whether the heightened "plausibility" standard applies to affirmative defenses, as the result would be the same under either standard.

**A.   First Affirmative Defense: Failure to State a Claim**

Plaintiff contends that Defendant's assertion of the affirmative defense for "failure to state a claim" should be stricken because Defendant fails to allege any facts in support of this defense. District courts have taken differing views over whether failure to state a claim is an affirmative defense to be raised in an answer. Compare Barnes, 718 F. Supp. 2d at 1174 ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Barnes' prima facie case ... [and] is more properly brought as a motion and not as an affirmative defense.") with Hernandez, 2007 WL 1649911, at *2 (denying motion to strike failure to state a claim as an affirmative defense).

The Court finds the reasoning of Hernandez to be more persuasive. A plain reading of Federal Rule of Civil Procedure 12 supports the interpretation that failure to state a claim is a defense that may be asserted in an answer. Rule 12(b) states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b) (underlining added). Rule 12(b) goes on to specifically enumerate "failure to state a claim upon which relief can be granted" as a defense that may be asserted by motion. Fed. R. Civ. P. 12(b). Accordingly, Rule 12(b) recognizes failure to state a claim as a defense that may

be asserted in a motion or in a responsive pleading.

Furthermore, Rule 12(h) expressly states:

> (h)   Waiving and Preserving Certain Defenses.
> ...
> (2)   When to Raise Others.  Failure to state a claim upon which relief can be granted ... may be raised:
> (A)   in any pleading allowed or ordered under Rule 7(a)

An answer to a complaint is one of the pleadings allowed or ordered under Rule 7(a). Fed. R. Civ. P. 7(a)(2). Accordingly, Rule 12(h) clearly states that failure to state a claim is a defense that may be asserted in an answer.

Even if it is permissible to assert the failure to state a claim in an answer, Plaintiff contends that Defendant did not properly assert it in this case because Defendant did not allege any facts in support of this defense. However, the allegation of any facts in addition to or different from the facts alleged in Plaintiff's complaint would be inconsistent with the failure to state a claim defense. The failure to state a claim is premised on the assumption that the facts alleged in Plaintiff's complaint are true and construed in the light most favorable to the Plaintiff. Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001). In determining whether the failure to state a claim defense applies, the Court may not look at any matters outside the plaintiff's pleadings. Id. at 688. Accordingly, it would be inconsistent with the nature of the failure to state a claim defense to require Defendant to allege facts in support of the defense.

The Court finds that Defendant's answer gives Plaintiff fair notice of the nature of the failure to state a claim defense. Defendant contends that Plaintiff does not state a legally cognizable claim, which is a straightforward legal conclusion and meets the plausibility standard without the need for alleging any additional facts. See Solis v. Zenith Capital, LLC, No. C 08-4854 PJH, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009) ("...in some cases, simply pleading the name of the affirmative defense is sufficient. [Citation.] Other affirmative defenses, however, require greater specificity.") Moreover, Plaintiff suffers no prejudice if the failure to state a claim defense is allowed to remain asserted in Defendant's answer. Discovery is not relevant to a failure to state a claim defense, which is why the rules allow for the defense to be asserted by motion prior to conducting any discovery.

4

1   Based upon the foregoing, the Court will recommend that Plaintiff's motion to strike
2   Defendant's failure to state a claim defense be denied.

### B. Second Affirmative Defense: Statute of Limitations

Plaintiff contends that Defendant's assertion of the statute of limitations affirmative defense should be stricken because Defendant fails to allege any facts in support of this defense. Further, Plaintiff contends that the applicable statute of limitations is four years[1] and the wrongful conduct at issue in the complaint began within four years from the filing date of the complaint.

As an initial matter, Plaintiff cannot demonstrate that Defendant's statute of limitations defense will fail with certainty because Plaintiff's complaint does not expressly delineate the time period relevant to Plaintiff's claims.[2] If Plaintiff had specifically alleged the time period at issue, a motion to strike the statute of limitations defense may be appropriate. However, Plaintiff's pleading left the relevant time period ambiguous, and therefore it does not "appear[] to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense.'" Barnes, 718 F. Supp. 2d at 1170.

Moreover, the statute of limitations defense, like the failure to state a claim defense, is a straightforward defense that generally does not require the allegation of new or different facts to give a plaintiff fair notice of the defense. Requiring Defendant to go through the trivial steps of making "upon information and belief" allegations that the conduct at issue occurred outside the limitations period would be a waste of time and would serve no practical purpose. Plaintiff suffers no substantial prejudice in the absence of these allegations. If anything, by failing to expressly delineate the relevant time period in the complaint, Plaintiff places an unnecessary burden on Defendant to propound discovery to determine whether Plaintiff contends that wrongful conduct occurred beyond the statute of limitations period.

/ / /

---

[1] Defendant contends that the applicable statute of limitations period is three years. However, the Court need not resolve this issue at this stage.

[2] At most, Plaintiff alleged that "[u]pon information and belief, Defendant ... **recently** began marketing an energy drink under the trademark EL GALLO...." (Compl. ¶ 11 (emphasis added).)

Based upon the foregoing, the Court will recommend that Plaintiff's motion to strike Defendant's statute of limitations defense be denied.

**C.  Third Affirmative Defense: Unclean Hands, Improper and/or Unlawful Conduct, Waiver, Laches, and/or Estoppel**

Plaintiff contends that Defendant's third affirmative defense, that Plaintiff's "complaint is barred by the doctrines of unclean hands, improper and/or unlawful conduct, waiver, laches, and/or estoppel," (Def.'s Grenade Beverage, LLC's Answer to Pl. E. & J. Gallo Winery's Compl. ("Def.'s Answer") 5:4-5) should be stricken because Defendant fails to allege any facts in support of these defenses and because Defendant confusingly combines several distinct defenses under a single heading.

Defendant's reference to "unclean hands," "improper and/or unlawful conduct," "waiver," "laches," and "estoppel" confusingly combines several distinct defenses under a single heading. Therefore, the third affirmative defense fails to give Plaintiff fair notice of any defense because it is unclear if one of the listed defenses applies or all the listed defenses apply. Accordingly, should Defendant amend its answer, Defendant must separately enumerate each distinct defense.

1.  Unclean Hands

The doctrine of unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." Dollar Systems, Inc. v. Avcar Leasing Systems, Inc., 890 F.2d 165, 173 (9th Cir. 1989). In order to apply, the alleged misconduct by the plaintiff must relate directly to the transaction concerning which the complaint is made. Id.

Defendant's answer does not provide Plaintiff with sufficient notice regarding the nature of its unclean hands defense. Accordingly, the Court will strike the defense with leave to amend in the event that Defendant can allege facts that provides Plaintiff with fair notice regarding the nature of the defense. Moreover, the Court notes that the arguments raised by Defendant in its opposition are not sufficient in providing notice. Defendant vaguely contends that Plaintiff's

logos may violate certain regulations issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives. These vague arguments do not demonstrate how Plaintiff's misconduct relates directly to the transaction described in the complaint and therefore do not provide Plaintiff with sufficient notice regarding the nature of Defendant's unclean hands defense.

### 2. Improper and/or Unlawful Conduct

It is unclear if Defendant's reference to "improper and/or unlawful conduct" was intended to relate to the unclean hands defense or if it was intended to assert an entirely distinct affirmative defense. Defendant discusses Plaintiff's allegedly unlawful conduct in its opposition but fails to cite any law that supports the proposition that Plaintiff's alleged conduct constitutes a defense. Accordingly, the Court will strike the defense with leave to amend. If Defendant intends to assert an "improper and/or unlawful conduct" defense, Defendant should provide supporting allegations as well as a citation to the statute or case that supports the defense.

### 3. Waiver, Laches and Estoppel

Waiver, laches and estoppel are three distinct defenses. Defendant combined all three legal theories in a confusing manner. Moreover, Defendant's answer does not allege any facts in support of an affirmative defense based on waiver, laches or estoppel. Accordingly, the Court will strike these defenses with leave to amend.

Further, the arguments raised by Defendant in its opposition do not clarify matters. Defendant argues that estoppel applies because Plaintiff made representations to the U.S. Trademark Office that their "Gallo" trademark has no foreign meaning and Plaintiff is therefore estopped from arguing that "Gallo" has foreign meaning now. Even if true, Defendant does not explain how such facts would operate to provide a defense to Defendant. See discussion, infra, Part III.F. While estoppel or waiver principles might apply to prevent Plaintiff from asserting that "Gallo" has foreign meaning, Defendant does not demonstrate how that would invalidate Plaintiff's trademark or otherwise provide a defense against Plaintiff's claims.

With respect to a laches defense, "[l]aches is an equitable time limitation on a party's right to bring suit." Kling v. Hallmark Cards Inc., 225 F.3d 1030, 1036 (9th Cir. 2000) (citing Boone v. Mechanical Specialties Co., 609 F.2d 956, 958 (9th Cir. 1979). "To obtain judgment

7

on this affirmative defense, a defendant most prove 'both an unreasonable delay by the plaintiff and prejudice to itself.'" Id. (citations omitted). Defendant's arguments in its opposition do not identify unreasonable delay by the plaintiff in bringing this suit or prejudice Defendant suffered as a result.

Based upon the foregoing, the Court will strike Defendant's third affirmative defense with leave to amend.

### D.     Fourth Affirmative Defense: Settlement, Release and/or Offset

Plaintiff contends that Defendant's fourth affirmative defense based upon "settlement, release and/or offset," should be stricken because Defendant fails to allege any facts in support of these defenses.

Defendant's answer does not allege any facts explaining how a defense based upon settlement, release and/or offset applies. Accordingly, the Court will strike Defendant's Fourth Affirmative Defense with leave to amend.

The Court notes that the arguments raised by Defendant in its opposition are not sufficient to put Plaintiff on fair notice of the nature of this defense. Defendant argues that, upon information and belief, Plaintiff entered into settlement agreements with nonparties that would bar this action. It is unclear how or why a settlement agreement between Plaintiff and a third party would bar this action. Defendant is also forewarned that an unsubstantiated wild guess that a prior settlement may bar Plaintiff's claims may expose Defendant to sanctions under Federal Rule of Civil Procedure 11. Such wild allegations needlessly increase the cost of litigation by forcing Plaintiff to propound discovery to determine the basis of Defendant's allegations.

Based upon the foregoing, the Court will strike Defendant's fourth affirmative defense with leave to amend.

### E.     Fifth Affirmative Defense: Res Judicata, and/or Collateral Estoppel

Plaintiff contends that Defendant's fifth affirmative defense based upon "res judicata, and/or collateral estoppel," should be stricken because Defendant fails to allege any facts in support of these defenses.

///

Defendant's answer does not allege any facts explaining how a defense based upon res judicata or upon collateral estoppel applies. Accordingly, the Court will strike Defendant's Fifth Affirmative Defense with leave to amend.

The Court also notes that the arguments raised in Defendant's opposition fail to identify any facts that could have been alleged to support these defenses. Moreover, Defendant obfuscates matters by co-mingling these two distinct defenses without discussing the differences between the doctrines of res judicata and collateral estoppel:

> Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.5 (1979).

The arguments raised by Defendant in its opposition suggests that it intends to assert a defense based upon collateral estoppel and not based upon res judicata, as Defendant argues that only Plaintiff need be a party to the prior litigation for the defense to apply. To the extent that Defendant intends to amend its answer to properly assert a defense based upon collateral estoppel, Defendant still must allege sufficient facts to support the defense. Even considering the arguments in Defendant's opposition, Defendant has not provided Plaintiff with fair notice of the defense as it has failed to identify any prior proceedings, what issues were decided in the prior proceedings, or who was party to the prior proceeding. Accordingly, additional facts must be alleged in an amended answer for the defense to be properly raised.

Based upon the foregoing, the Court will strike Defendant's fifth affirmative defense with leave to amend.

**F.     Sixth Affirmative Defense: Fair Use and the Doctrine of Foreign Equivalents**

Plaintiff contends that Defendant's sixth affirmative defense based upon "fair use, and/or the doctrine of foreign equivalents," should be stricken because Defendant fails to allege any facts in support of these defenses.

/ / /

1       Again, Defendant's answer does not allege any facts explaining how a defense based
2 upon fair use or the doctrine of foreign equivalents applies.  Accordingly, the Court will strike
3 Defendant's Sixth Affirmative Defense with leave to amend.

4       Further, Defendant's answer continues to create needless confusion by combining distinct
5 legal theories, "fair use" on one hand, and the doctrine of foreign equivalents on the other.
6 Moreover, as discussed below, the doctrine of foreign equivalents is not a defense--it merely
7 provides guidelines for a court when comparing the similarity of marks their meanings.

8       In trademark law, the fair use defense permits a defendant to use a plaintiff's trademark
9 for the purposes of describing the defendant's own product or where a defendant uses a
10 plaintiff's mark to describe the plaintiff's product.  Cairns v. Franklin Mint Co., 292 F.3d 1139,
11 1150 (9th Cir. 2002).  For example, it has been held that an automobile repair business
12 specializing in the repair of Volkswagen vehicles is permitted to use the "Volkswagen"
13 registered trademark while advertising its business under the fair use doctrine.  Volkswagenwerk
14 Aktiengesellschaft v. Church, 411 F.2d 350 (9th Cir. 1969).  In New Kids on the Block v. News
15 America Pub., Inc., 971 F.2d 302 (9th Cir. 1992), the fair use defense was held to apply to a
16 newspaper, "The New Kids," that publicized information about the plaintiff's band, "The New
17 Kids on the Block."  The defendant newspaper was permitted to use the plaintiff's mark to
18 describe the plaintiff's product because the defendant's ultimate goal was to describe their own
19 newspaper product.

20       Defendant's opposition does not raise any arguments or allege any facts that suggest that
21 a fair use defense applies.  Instead, Defendant's arguments relate only to a defense based upon
22 the doctrine of foreign equivalents.

23       "Under the doctrine of foreign equivalents, foreign words from common languages are
24 translated into English to determine genericness, descriptiveness, as well as similarity of
25 connotation in order to ascertain confusing similarity with English word marks."  Palm Bay
26 Imports, Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772, 396 F.3d 1369, 1377 (Fed.
27 Cir. 2005).  The doctrine of foreign equivalents is not an absolute rule, but merely provides a
28 guideline for courts in analyzing marks.  Id.  Further, the doctrine is not a defense, per se--it is a

doctrine that courts apply when comparing marks.

Defendant appears to argue that Plaintiff's "Gallo" mark is not entitled to trademark protection because the doctrine of foreign equivalents operates to refuse trademark protection to generic foreign words. However, Defendant does not demonstrate how the "Gallo" mark is generic, regardless of whether "Gallo" is given its English meaning or its foreign (Spanish) meaning. "'A "generic" term is one that refers, or has come to be understood as referring, to the genus of which the particular product or services is a species. It cannot become a trademark under any circumstances.'" Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc., 198 F.3d 1143, 1147 (9th Cir. 1999) (quoting Surgicenters of America, Inc. v. Medical Dental Surgeries Co., 601 F.2d 1011, 1014 (9th Cir. 1979)). "Generic marks are not capable of receiving protection because they identify the product, rather than the product's source." KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596, 602 (9th Cir. 2005).

Defendant alleges that "El Gallo" translates to "the rooster" in Spanish. (Def.'s Answer 1:23-26.) However, even if "Gallo" were given its foreign meaning pursuant to the doctrine of foreign equivalents, Defendant does not demonstrate how "the rooster" is a generic term that identifies what Plaintiff's products are, as opposed to where they come from. Further, Defendant does not argue that its own use of "Gallo" was generic. There is no suggestion that Plaintiff or Defendant are in the business of selling roosters or that their products are in any way related to roosters. Accordingly, it is unclear how the doctrine of foreign equivalents provides Defendant with a defense to Plaintiff's claims.

Based upon the foregoing, the Court will strike Defendant's sixth affirmative defense with leave to amend.

### G. Seventh Affirmative Defense: Mitigation of Damages

Plaintiff contends that Defendant's seventh affirmative defense based upon mitigation of damages should be stricken because Defendant fails to allege any facts in support of these defenses. Neither Defendant's answer nor Defendant's opposition alleges any facts or raises any arguments demonstrating how this affirmative defense is applicable. Accordingly, the Court will strike Defendant's seventh affirmative defense with leave to amend.

H.  **Eighth Affirmative Defense: "No Impairment or Harm to Plaintiff's Mark Exists"**

Plaintiff contends that Defendant's eighth affirmative defense, that "[n]o impairment or harm to plaintiff's mark exists," should be stricken because Defendant fails to allege any facts in support of these defenses. Neither Defendant's answer nor Defendant's opposition alleges any facts or raises any arguments demonstrating how this affirmative defense is applicable. Moreover, it is unclear what defense Defendant is referring to, as the Defendant's description of the defense suggests that Defendant is merely denying the truth of Plaintiff's factual allegations rather than asserting a true affirmative defense. Accordingly, the Court will strike Defendant's eighth affirmative defense with leave to amend.

I.  **Ninth Affirmative Defense: Abandonment, Generic Mark, Lack of Secondary Meaning, and/or Implied License**

Plaintiff contends that Defendant's ninth affirmative defense, that "Plaintiff has abandoned use of the mark, the mark is generic, the mark lacks secondary meaning, and/or an implied license exists," should be stricken because Defendant fails to allege any facts in support of these defenses. Defendant's answer does not allege any facts demonstrating how these defenses apply and Defendant confusingly combines several distinct legal theories and defenses under a single heading. Accordingly, the Court will strike Defendant's ninth affirmative defense with leave to amend.

The arguments asserted by Defendant in its opposition are not sufficient to support any of the defenses alluded to in the ninth affirmative defense. Defendant makes no arguments pertaining to whether Plaintiff's mark lacks secondary meaning or that and implied license exists to use Plaintiff's mark. As discussed above, Defendant does not set forth adequate arguments demonstrating that Plaintiff's mark is generic. See discussion, supra, Part III.F.

With respect to abandonment, Defendant argues that "Gallo has abandoned registration of its mark on a similar good at issue here in which it previously claimed a foreign meaning." Defendant fails to demonstrate how abandonment of a similar mark affects Plaintiff's claims pertaining to the mark at issue in this action.

Based upon the foregoing, the Court will strike Defendant's ninth affirmative defense with leave to amend.

### J. Tenth Affirmative Defense: Preemption

Plaintiff contends that Defendant's tenth affirmative defense, based on federal law preemption over state law, should be stricken because Defendant fails to allege any facts in support of this defense.

The Court notes that Plaintiff's complaint raises an unfair competition claim based upon California state law in addition to Plaintiff's federal claims under the Lanham Act. Moreover, the Court notes that an affirmative defense based upon federal preemption does not require the allegation of facts different from or in addition to the facts alleged by Plaintiff: a defense based upon preemption applies where federal law "blots out" the state law claim. Worth v. Universal Pictures, Inc., 5 F. Supp. 2d 816, 820 (C.D. Cal. 1997).

The Court finds that the assertion of the preemption defense alone is sufficient to provide Plaintiff with fair notice of the nature of the defense, particularly in a case such as this one where the specter of preemption is raised since Plaintiff asserts a state law claim in an area that predominantly concerns federal trademark law. If the facts proven at trial show that Plaintiff's claims are not cognizable under federal law yet somehow cognizable under state law, Defendant may argue that preemption applies to void the otherwise cognizable state law claim. Moreover, the Court finds that Plaintiff suffers no substantial prejudice by the assertion of the preemption defense because it is not likely that the assertion of the defense would alter the course of discovery.

Based upon the foregoing, the Court will deny Plaintiff's motion to strike Defendant's tenth affirmative defense.

## IV.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court will partially grant Plaintiff's motion to strike the affirmative defenses raised in Defendant's answer. The Court will grant Defendant an opportunity to amend his answer to allege facts in support of the stricken defenses. However,

Defendant is forewarned that his claims must be warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or establishing new law. Fed. R. Civ. P. 11(b)(2). Defendant's factual contentions must have evidentiary support, or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3). Finally, Defendant's denials of Plaintiff's factual contentions must be warranted on the evidence or must be reasonably based on belief or lack of information. Fed. R. Civ. P. 11(b)(4).

Based upon the foregoing, it is HEREBY ORDERED that:

1. The hearing on Plaintiff's motion to strike scheduled for February 19, 2014 is VACATED;
2. Plaintiff's motion to strike Defendant's affirmative defenses is PARTIALLY GRANTED:
    a. Defendant's third affirmative defense is STRICKEN, with leave to amend;
    b. Defendant's fourth affirmative defense is STRICKEN, with leave to amend;
    c. Defendant's fifth affirmative defense is STRICKEN, with leave to amend;
    d. Defendant's sixth affirmative defense is STRICKEN, with leave to amend;
    e. Defendant's seventh affirmative defense is STRICKEN, with leave to amend;
    f. Defendant's eighth affirmative defense is STRICKEN, with leave to amend;
    g. Defendant's ninth affirmative defense is STRICKEN, with leave to amend;
    h. Plaintiff's motion to strike is DENIED in all other respects;

///
///
///
///

14

3. Defendant's amended answer, if any, shall be filed within fourteen days of the date of service of this order.

IT IS SO ORDERED.

Dated: **February 18, 2014**

UNITED STATES MAGISTRATE JUDGE