# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E & J GALLO WINERY,<br><br>    Plaintiff,<br><br>    v.<br><br>GRENADE BEVERAGE LLC,<br><br>    Defendant. | Case No.  1:13-cv-00770-AWI-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES<br><br>ECF NO. 44 |

On March 27, 2014, Plaintiff E & J Gallo Winery ("Plaintiff") filed a motion to strike the affirmative defenses plead by Defendant Grenade Beverage LLC ("Defendant"). (ECF No. 44.)

The Court finds it appropriate for Plaintiff's motion to be submitted upon the record and briefs on file without need for oral argument. See Local Rule 230(g).  For the reasons set forth below, the Court partially grants Plaintiff's motion to strike.

## I.

## BACKGROUND

Plaintiff filed this action on May 22, 2013.  (ECF No. 1.)  Plaintiff asserts trademark infringement and other related claims against Defendant arising from Defendant's marketing of an energy drink called "El Gallo."  Plaintiff claims Defendant's "El Gallo" drink violates Plaintiff's "Gallo" trademark for wines.

Defendant filed their answer to Plaintiff's complaint on January 3, 2014.  (ECF No. 29.)

1

Defendant raised ten affirmative defenses in their answer.

On January 22, 2014, Plaintiff filed a motion to strike the affirmative defenses asserted by Defendant. (ECF No. 35.) The Court partially granted Plaintiff's first motion to strike. (ECF No. 41.) On March 4, 2014, Defendant filed an amended answer. (ECF No. 42.) Defendant filed a second amended answer on March 7, 2014. (ECF No. 43.) On March 27, 2014, Plaintiff filed the present motion to strike. (ECF No. 44.)

## II.

## LEGAL STANDARDS FOR MOTIONS TO STRIKE

Under Federal Rule of Civil Procedure 12(f), "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." With respect to pleading defenses, Federal Rule of Civil Procedure 8(b) states that a party must "state in short and plain terms its defenses to each claim asserted against it." "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979).

"Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381, pp. 421-425; see also Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005) ("'Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.'") U.S. v. Iron Mountain Mines, Inc., 812 F. Supp. 1528, 1535 (E.D. Cal. 1992). "Accordingly, once an affirmative defense has been properly pled, a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense.'" Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). Furthermore, motions to strike are often denied absent a showing of prejudice to the moving party. Hernandez v. Balakian, No. CV-F-06-1383 OWW/DLB, 2007 WL 1649911, at *1 (E.D. Cal. Jun. 1, 2007); see also Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381, pp. 421-425.

Even if an affirmative defense is stricken, leave to amend should be freely given in the absence of prejudice to the opposing party. Wyshak, 607 F.2d at 826.

## III.

## DISCUSSION

Plaintiff contends that seven of the ten affirmative defenses raised by Defendant should be stricken because they are unclear and fail to provide Plaintiff with sufficient notice of the grounds upon which they rest. Plaintiff challenges the sufficiency of Defendant's Third ("unclean hands, improper and/or unlawful conduct, waiver, laches, and/or estoppel"), Fourth ("settlement, release, and/or offset"), Fifth ("res judicata, and/or collateral estoppel"), Sixth ("First Amendment including fair use, and/or the doctrine of foreign equivalents"), Seventh ("fail[ure] to mitigate" or "abandon[ment of] mark"), Eighth ("[n]o impairment or harm"), and Ninth Affirmative Defenses ("abandon[ment] of the mark, the mark is generic, the mark lacks secondary meaning, and/or an implied license exists").

### A. Third Affirmative Defense: Unclean Hands, Improper and/or Unlawful Conduct, Waiver, Laches, and/or Estoppel

As an initial matter, the Court notes that in its February 18, 2014 order on Plaintiff's prior motion to strike, the Court expressly informed Defendant that its Third Affirmative Defense "confusingly combines several distinct defenses under a single heading." (Order Part. Granting Mot. to Strike 6:9-10.) The Court further informed Defendant that "should Defendant amend its answer, Defendant must separately enumerate each distinct defense." (Id. at 6:15-16.) Defendant ignored the Court's order. Accordingly, the Court will once again strike Defendant's third affirmative defense.

Further, Defendant has ignored other portions of the Court's order on the prior motion to strike. Previously, the Court noted that Defendant's reference to "improper and/or unlawful" conduct was confusing, because it was unclear whether Defendant was attempting to assert a defense distinct from its unclean hands defense. The Court ordered Defendant to provide supporting allegations as well as citation to supporting authority if Defendant asserted the same defense in his amended answer. Defendant did not do so.

3

1    The Court also noted that Defendant combined the three defenses of waiver, laches and
2 estoppel under a single heading without providing any allegations that identified which of these
3 defenses applied or how they applied.

4    Defendant argues that its unclean hands defense is based upon Plaintiff's violation of 27
5 C.F.R. § 4.64(f), which prohibits any advertisement for wine which is capable of being construed
6 as relating to the armed forces of the United States.  Defendant alleges that Plaintiff's rooster
7 logos are capable of being construed as relating to U.S. Military insignias that depict roosters.

8    Defendant's argument appears to be somewhat far-fetched.  On the other hand, at this
9 stage in litigation, the Court cannot look to extrinsic evidence to compare Plaintiff's logo to
10 United States military insignias to determine whether 27 C.F.R. § 4.64(f) has been violated.
11 While it is difficult to imagine a rooster logo being "capable of being construed as relating to ...
12 any emblem, seal, insignia, or decoration associated with [the American flag] or armed forces,"
13 27 C.F.R. § 4.63(f), the theory may not necessarily be implausible.  However, in light of
14 Defendant's recent course of conduct which appears to serve no purpose other than to harass,
15 cause delay, or needlessly increase the cost of litigation, the Court will not grant Defendant leave
16 to amend its answer to assert a defense based upon these facts unless Defendant files a motion
17 requesting leave to amend and affirmatively demonstrates to the Court that the facts alleged have
18 evidentiary support or will likely have evidentiary support after a reasonable opportunity for
19 further investigation or discovery.  See discussion, supra, Part III.H.

20    Defendant also argues that the defenses of laches, waiver and estoppel apply because
21 Plaintiff has allowed another company to advertise "Gallo beer" on Facebook since 2011.  A
22 trademark owner's failure to prosecute all third parties from infringing their trademark is not
23 sufficient to prove the owner's express and affirmative intent to relinquish its rights in the
24 context of a waiver defense.  See adidas-America, Inc. v. Payless Shoesource, Inc., 546 F. Supp.
25 2d 1029, 1074 (D. Ore. 2008).  A defense based upon waiver requires the intentional
26 relinquishment of a known right with knowledge of its existence and the intent to relinquish it,
27 and only exists where the waiver is manifested in an unequivocal manner.  See id.  Defendant's
28 allegation, that a company exists that advertises beer on Facebook using the word "gallo," is

insufficient to support a waiver defense.

Estoppel arises when a party's conduct misleads another to believe that a right will not be enforced and causes him to act to his detriment in reliance upon this belief. adidas-America, Inc., 546 F. Supp. 2d at 1075. Plaintiff alleges no facts that show that Plaintiff misled Defendant into believing that Plaintiff's trademark rights would not be enforced or that Defendant acted to his detriment in reliance upon this belief. Accordingly, Plaintiff has not alleged sufficient facts to support this defense.

Finally, with respect to a laches defense, "[l]aches is an equitable time limitation on a party's right to bring suit." Kling v. Hallmark Cards Inc., 225 F.3d 1030, 1036 (9th Cir. 2000) (citing Boone v. Mechanical Specialties Co., 609 F.2d 956, 958 (9th Cir. 1979). "To obtain judgment on this affirmative defense, a defendant most prove 'both an unreasonable delay by the plaintiff and prejudice to itself.'" Id. (citations omitted). Defendant's arguments in its opposition do not identify unreasonable delay by the plaintiff in bringing this suit or prejudice Defendant suffered as a result. Notably, the Court made this exact same analysis and conclusion in its prior order and Defendant attempted to reassert the laches defense without alleging any facts in light of the Court's analysis. Accordingly, the Court will strike Defendant's laches defense.

**B.     Fourth Affirmative Defense: Settlement, Release, and/or Offset**

In its previous order, the Court struck Defendant's Fourth Affirmative Defense and rejected what appeared to be Defendant's unsubstantiated conjecture that there may be a prior settlement between Plaintiff and a third party that bars the present action.

Defendant's amended answer fails to allege any new facts that are sufficient to support this defense. Defendant alleges that Plaintiff entered into settlement agreements with third parties and contends that these settlement agreements may constitute anticompetitive or unfair business practices by enabling Plaintiff to unlawfully monopolize the use of the "Gallo" trademark. Defendant's theory is not legally cognizable. Defendant provides no explanation as to how a settlement between Plaintiff and a third party could bar the present action because it constitutes anticompetitive behavior. The entire point of trademark law is to provide trademark

owners with control over how their marks are used. Accordingly, "monopolization" of one's own mark is not "unlawful," as Defendant appears to suggest. The Court will strike Defendant's Fourth Affirmative Defense.

### C. Fifth Affirmative Defense: Res Judicata and/or Collateral Estoppel

Defendant alleges, in support of its Fifth Affirmative Defense, that Plaintiff has sued other entities for trademark violations related to the "Gallo" trademark. Defendant further alleges, upon information and belief, that "in some of these decisions, the courts found against Gallo, and/or certain findings were made and/or found against Gallo." (Def. Grenade Beverage, LLC's Second Am. Answer to Pl. E. & J. Gallo Winery's Compl. ("Second Am. Answer") 7:14-15.) Thus, Defendant argues, this complaint may be barred by res judicata or collateral estoppel.

The Court previously found Defendant's assertion of this defense to be insufficient because:

> Defendant has not provided Plaintiff with fair notice of the defense as it has failed to identify any prior proceedings, what issues were decided in the prior proceedings, or who was party to the prior proceeding.

(Order Part. Granting Mot. to Strike 9:17-20.) Defendant's amended answer fails to address the issues previously identified by the Court. If anything, Defendant has reinforced the Court's suspicion that Defendant asserted this defense based upon factual contentions which have no evidentiary support and no reasonable expectation of evidentiary support after discovery. Defendant has not identified any specific prior proceedings, any specific issues decided in the prior proceedings, or the parties to the prior proceedings (other than Plaintiff). Defendant's opposition merely states that "a quick Westlaw search returns 65 cases in the Ninth Circuit alone that the court can take judicial notice on the existence of which may constitute collateral estoppel against Gallo." (Def. Grenade Beverage LLC's Mem. of P. & A. in Supp. of Opp'n to Pl. E. & J. Gallo Winery's Mot. to Strike Affirmative Defense in Second Amended Answer ("Def.'s Opp'n") 5:9-11.)

Defendant's vague reference to prior proceedings that possibly raise res judicata or collateral estoppel issues is insufficient to support its Fifth Affirmative Defense. Defendant fails

to provide Plaintiff with fair notice of the basis of this defense. Accordingly, the Court strikes this defense.

### D. Sixth Affirmative Defense: "First Amendment including fair use, and/or the Doctrine of Foreign Equivalents"

Defendant's Sixth Affirmative Defense alleges no facts and only consists of the conclusory allegation that "the complaint can be barred by the First Amendment including fair use, and/or the doctrine of foreign equivalents." (Second Am. Answer 7:21-22.) In its opposition, Defendant argues that Plaintiff bears the burden of demonstrating that customer confusion is likely and, therefore, Plaintiff has the burden of proving this affirmative defense.

Affirmative defenses, by definition, are defenses which defendants bear the burden of proving. See Tovar v. U.S. Postal Service, 3 F.3d 1271, 1284 (9th Cir. 1993) ("In every civil case, the defendant bears the burden of proof as to each element of an affirmative defense."). "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).

Defendant misunderstands KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 543 U.S. 111 (2004). In KP Permanent Make-Up, Inc., the Supreme Court addressed the issue of "whether a party raising the statutory affirmative defense of fair use to a claim of trademark infringement ... has a burden to negate any likelihood that the practice complained of will confuse consumers about the origin of the goods or services affected." Id. at 114. While the Supreme Court held that a defendant does not bear the burden of negating customer confusion, it did not hold that the burden of proving the fair use affirmative defense thereby rests with the plaintiff in a trademark case, as Defendant suggests. In other words, the likelihood of customer confusion is an element of a plaintiff's trademark claim, not an element of the fair use defense. Id. at 117-121. Defendant must still bear the burden of proving the remaining elements of a fair use defense.

In this case, Defendant has not alleged any facts whatsoever that suggest that the fair use defense applies to Defendant's use of Plaintiff's trademark. Accordingly, the Court will strike this defense.

1       Moreover, the doctrine of foreign equivalents is not a defense, per se, but a guideline that
2 Court's use in analyzing marks.  See Palm Bay Imports, Inc. v. Veuve Clicquot Ponsardin
3 Maison Fondee En 1772, 396 F.3d 1369, 1377 (Fed. Cir. 2005) ("Under the doctrine of foreign
4 equivalents, foreign words from common languages are translated into English to determine
5 genericness, descriptiveness, as well as similarity of connotation in order to ascertain confusing
6 similarity with English word marks.")  Accordingly, the Court will strike Defendant's doctrine of
7 foreign equivalents defense.

8       **E.**      **Seventh Affirmative Defense: Mitigation of Damages and Abandonment**

9       Defendant's Seventh Affirmative Defense alleges that other companies have used the "El
10 Gallo" mark, including Cerveza Gallo, which promoted its beer product on Facebook with the
11 "Gallo" mark and rooster logo.  Defendant further alleges that Plaintiff has allowed such
12 promotional activity and therefore failed to mitigate its damages and effectively abandoned its
13 mark.

14       Defendant's Seventh Affirmative Defense confusingly combines two discrete defenses
15 under a single heading, namely failure to mitigate and abandonment of the trademark.  It is also
16 worth noting that Defendant confusingly asserted the abandonment defense a second time under
17 the Ninth Affirmative Defense.  Accordingly, the Court will strike the Seventh Affirmative
18 Defense.

19       Generally, the failure to mitigate "generally refers to the defense that the plaintiff could
20 have avoided reasonably all or part of the claimed damages." 22 Am. Jur. 2d Damages § 346
21 (2014).  Typically, a generalized statement meets the defendant's pleading burden with respect to
22 the affirmative defense of damage mitigation.  See Desert European Motorcars, Ltd. v. Desert
23 European Motorcars, Inc., No. EDCV 11-197 RSWL (DTBx), 2011 WL 3809933, at * 2 (C.D.
24 Cal. Aug. 25, 2011).  However, in this case, Defendant confused matters by combining the
25 abandonment defense with the mitigation defense and alleging facts that have no apparent
26 relation to the doctrine of mitigation.  It is unclear how Plaintiff's failure to prosecute claims
27 against other third party trademark infringers has any relevance to Plaintiff's failure to mitigate
28 its damages with respect to Defendant's trademark infringement.

With respect to the affirmative defense of abandonment, a trademark is deemed abandoned "'when any course of conduct of the owner, including acts of omission as well as commission causes the *mark* to become ... generic ..., or otherwise to lose its significance as a mark.'" adidas-America, Inc., 546 F. Supp. 2d at 1076. However, merely alleging the existence of third-party infringers is irrelevant. Id. Accordingly, Defendant's allegation that some third party infringer exists and was not prosecuted by Plaintiff is not sufficient to support a defense based upon abandonment because that fact alone does not demonstrate that Plaintiff's mark has become generic or has lost all significance as a mark.

**F.  Eighth Affirmative Defense: "No Impairment or Harm to Gallo's Mark Exists"**

Defendant's eighth affirmative defense alleges no facts but merely concludes that no impairment or harm to Gallo's mark exists. As the Court noted in its prior order on Plaintiff's first motion to strike, this "defense" does not appear to be an affirmative defense at all, but instead merely a denial of the truth of Plaintiff's factual allegations. Instead of reading and addressing the Court's analysis, Defendant attempts to re-assert this "defense" without any change or additional argument after the Court had already stricken Defendant's previous attempt to re-assert this "defense." Since Defendant has not attempted to amend its answer to address the Court's previous analysis, the Court will strike this affirmative defense once again.

**G.  Ninth Affirmative Defense: Abandonment, Generic Mark, Lack of Secondary Meaning, and/or Implied License**

Defendant confusingly combines several legal issues under a single affirmative defense. The Court will strike this affirmative defense for failing to provide Plaintiff with fair notice of the precise nature of the defense.

Moreover, the facts alleged in support of this defense are incomprehensible. First, Defendant alleges that California common law does not recognize or apply the doctrine of foreign equivalents, and, therefore, state trademark law is preempted by federal law "because California has no power to regulate commerce with foreign nations." (Second Am. Answer 8:25-9:2.) This bewildering allegation makes little sense. Regulating marks that contain foreign

1 words is not the same as regulating commerce with foreign nations.

2 Defendant further alleges that their product is a drink regulated by the FDA and the Food, 3 Drug and Cosmetic Act ("FDCA"), the FDA/FDCA allows foods to bear labels that describe the 4 product, Defendant's product is an "energy drink," and:

> 47. Any claims the "Energy" portion of Grenade's mark violates the Lanham Act, such claim is preempted by the FDCA.
> 48. Any claims the Doctrine of Foreign Equivalents does not apply, because the "Energy" portion of Grenade's mark is in English, such claim is again preempted by the FDCA.

8 (Second Am. Answer 9:10-13.)  These allegations also make little sense.  Rather than untangle 9 Defendant's reasoning, it is sufficient for the Court to note that nothing in Plaintiff's complaint 10 comes remotely close to challenging Defendant's use of the term "energy" in marketing or 11 labeling its product.  Accordingly, whatever defense Defendant is attempting to invoke is 12 immaterial because it appears Defendant is attempting to raise a defense against a claim that 13 Plaintiff is not making.  The Court will strike Defendant's Ninth Affirmative Defense.

**H.    Leave to Amend**

15 While leave to amend is normally freely given after an affirmative defense is stricken, 16 Wyshak, 607 F.2d at 826, Defendant's affirmative defenses have already been stricken and 17 Defendant attempted to reassert the same defenses.  In some instances, Defendant made no effort 18 to rectify the defects identified by the Court in the stricken defenses.  In other instances, 19 Defendant attempted to support its defenses based upon nonsensical allegations.  Based upon 20 Defendant's conduct, it appears to the Court that Defendant's defenses are being presented for an 21 improper purpose to harass, delay, or needlessly increase the cost of litigation, see Fed. R. Civ. 22 P. 11(b)(1), or Defendant's counsel has no understanding or comprehension of the defenses he is 23 attempting to assert.

24 Accordingly, leave to amend Defendant's answer will not be granted unless Defendant 25 first files a motion seeking leave to amend its answer and the Court grants such a motion.  If 26 Defendant files a motion seeking leave to amend its answer to assert a new affirmative defense, 27 Defendant's motion must:

28 //

1. **Provide the Court with the Name of the Affirmative Defense.** The Court advises Defendant that if the name of the affirmative defense includes terms separated by commas (","), with the word "and," or with the word "or," Defendant may be improperly combining multiple affirmative defense under a single heading. Defendant may not combine multiple affirmative defenses under a single heading. Therefore, if the name of any affirmative defense includes any commas, "and's" or "or's", Defendant shall separately explain why that defense constitutes a single affirmative defense rather than a confusing amalgamation of multiple affirmative defenses.

2. **Provide the Court with the Elements of the Affirmative Defense.** Furthermore, Defendant must provide citations to statues or cases which recite the elements of the affirmative defense.

3. **Provide the Court with a Statement of the Facts in this Case Which Give Rise to the Affirmative Defense Asserted.** Further, for each fact recited by Defendant, Defendant shall identify whether that fact has evidentiary support <u>and</u> identify the evidence which supports the fact, <u>or</u> Defendant shall certify that the fact will likely have evidentiary support after a reasonable opportunity for further investigation or discovery <u>and</u> explain the basis of Defendant's belief that the fact will have such evidentiary support.

4. **Provide the Court with an Explanation as to How the Elements of the Affirmative Defense Are Satisfied by the Statement of Facts Which Give Rise to the Affirmative Defense.** Moreover, Defendant shall provide the Court with at least one citation to a case with facts comparable to the facts in this case <u>and</u> recognizing the applicability of the affirmative defense asserted. If Defendant cannot find such a case, Defendant must explain how, despite Defendant's inability to find applicable precedent, the asserted affirmative defense is warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

11

5. **If Defendant Seeks to Assert an Affirmative Defense Already Stricken on a Previous Occasion by the Court, Defendant Must Provide the Court with an Explanation as to How the Defects Previously Identified by the Court are Overcome in the Proposed Amendment.** To accomplish this, Defendant's motion must quote the language from the Court's previous orders analyzing and striking the affirmative defense and identify the new facts, circumstances or arguments which cure the defects identified in the Court's analysis.

The Court will strictly construe the requirements outlined above. If Defendant fails to satisfy any requirement outlined above, leave to amend will be denied.

## IV.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court will grant Plaintiff's motion to strike the affirmative defenses raised in Defendant's answer. Further, Defendant may not amend its answer unless it first files a motion seeking leave to amend and the Court grants such a motion.

Based upon the foregoing, it is HEREBY ORDERED that Plaintiff's motion to strike the affirmative defenses raised in Defendant's Second Amended Answer is GRANTED.

IT IS SO ORDERED.

Dated: **April 30, 2014**

UNITED STATES MAGISTRATE JUDGE