# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRENADE BEVERAGE LLC,<br><br>　　　　Defendant. | Case No. 1:13-cv-00770-AWI-SAB<br><br>ORDER DENYING EX PARTE APPLICATION TO WITHDRAW AS COUNSEL |

On September 22, 2014, Kronenberg Law, P.C. ("Kronenberg") filed an ex parte application to withdraw as counsel of record for Defendant Grenade Beverage LLC ("Grenade"). (ECF No. 93.) Kronenberg informs the Court that it was retained by Grenade's insurer to provide a defense to Grenade under the terms of its insurance policy. However, Grenade's insurer is no longer providing a defense to Grenade since judgment was entered in this action on September 8, 2014.

Kronenberg claims that Grenade has had "personal counsel" since August 11, 2014. However, for reasons unknown, Grenade has not completed a substitution of counsel form substituting Kronenberg for this new "personal counsel." Kronenberg has not been retained to perform any further work in this matter, including the preparation of objections to Plaintiff's bill of cost, or work on an appeal from judgment. Therefore, Kronenberg wishes to withdraw as counsel.

Local Rule 182(d) governs attorney withdrawal, and states:

> (d)     Withdrawal.  Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

The Rules of Professional Conduct of the State Bar of California state that:

> A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

California Rules of Professional Conduct Rule 3-700(A)(2).  The rules permit withdrawal because of client conduct which "renders it unreasonably difficult for the member to carry out the employment effectively" or "breaches an agreement or obligation to the member as to expenses or fees."  California Rules of Professional Conduct Rule 3-700(C)(1)(d) and (f).

The Court would be amenable to allowing Grenade to substitute new counsel in for Kronenberg.  However, the Court is not amenable to allowing Kronenberg to simply withdraw and leave Grenade without counsel.  Withdrawal in such circumstances would delay resolution of this case and interfere with the administration of justice, two factors the Court considers in ruling on a motion to withdraw.  See Canandaigua Wine Co., Inc. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009).

Furthermore, Kronenberg's request to withdraw is conspicuously bereft of details explaining why Kronenberg must withdraw on such short notice.  There is no explanation of why Grenade's insurance policy prevents Kronenberg from performing post-judgment work in this action.  It is unclear who is responsible for the alleged breakdown in communication between Grenade and Kronenberg.  It is unclear why Grenade's new "personal counsel" has not

1  completed a substitution of counsel form.

2  It is unclear who is at fault for causing this disruption which threatens to delay orderly 3 resolution of this action.  Accordingly, the Court denies the request to withdraw as counsel of 4 record without prejudice.  Grenade may file a substitution of counsel, to the extent that it retains 5 new counsel.  Otherwise, if Kronenberg wishes to file a renewed motion to withdraw as counsel, 6 along with sufficient supporting documentation demonstrating the circumstances which renders 7 it unreasonably difficult to carry out the representation effectively.  Any such renewed motion 8 should be set for hearing on the Court's law and motion calendar, with the understanding that 9 representatives from Grenade and Kronenberg attend the hearing in person to demonstrate to the 10 Court the circumstances that require withdrawal.

11  Based upon the foregoing, it is HEREBY ORDERED that the ex parte application to 12 withdraw as counsel is DENIED.  However, the Court will extend Grenade's deadline to file 13 objections to Plaintiff's bill of costs to no later than October 10, 2014.

IT IS SO ORDERED.

Dated:  **September 23, 2014**

UNITED STATES MAGISTRATE JUDGE